◼ ASSOCIATED MORTGAGE INVESTORS, Respondent, v SARA-GREEN DEVELOPMENT CORP. et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered March 6, 1975 in Saratoga County, which granted a motion by the plaintiff for dismissal of the amended answer and for summary judgment in favor of the plaintiff. Defendant, Sara-Green Development Corporation, executed a note and mortgage in favor of the plaintiff covering certain real property in Saratoga County. In addition, the plaintiff obtained personal guarantees on the note from certain named defendants. An action to foreclose the mortgage was commenced in September, 1974, with an answer served in October, 1974. Plaintiff thereupon moved to strike the defendant's answer and the defendant moved for leave to serve an amended answer containing a counterclaim. Special Term considered the allegations set forth in the amended answer and counterclaim in granting summary judgment to the plaintiff. Defendants urge that the plaintiff, Associated Mortgage Investors, is not the proper party in interest because they have heretofore filed a petition in bankruptcy. On March 15, 1974, the plaintiff filed a petition for an arrangement under chapter XI of the Bankruptcy Act and was authorized to manage its business as debtor-in-possession and, as such, has the right, title and power of a trustee in bankruptcy subject to control of the court (US Code, tit 11, § 742). The bankruptcy court authorized plaintiff to retain counsel for the specific purpose of prosecuting the contemplated foreclosure proceedings. Thus, the plaintiff is the proper party in interest. The mortgage agreement provided, *inter alia,* that under certain conditions the plaintiff would release parcels of the land from the mortgage lien. Special Term was correct in stating that the defendant had submitted inadequate evidence to support the allegations that the plaintiff deliberately failed to release parcels of land in accordance with the agreement. There is no proof that the defendant ever offered to the plaintiff the stipulated price or prepared the acreage certificates or, in fact had any contract to sell any of the properties sought to be released. Under the terms of the agreement, with the mortgage in default, the plaintiff was not under any obligation to release any land. Special Term properly granted summary judgment. Order affirmed, with costs. Greenblott, J. P., Koreman, Main, Larkin and Reynolds, JJ., concur.