LAS VEGAS RANCH CLUB, A LIMITED PARTNERSHIP, APPELLANT, v. BANK OF NEVADA, A NEVADA BANKING CORPORATION, AND DIANE COULTHARD, AS CO-EXECUTORS OF THE ESTATE OF G. WILLIAM COULTHARD, DECEASED, DIANE COULTHARD, INDIVIDUALLY, MARK S. SULLIVAN, MARGARET S. MORSE, JOSEPH EMMETT SULLIVAN, MARY EILEEN GENOCHIO, GEORGE F. SULLIVAN, B. MAHLON BROWN, WESTERN TITLE COMPANY, A NEVADA CORPORATION, AND NEVADA SOUTHERN TITLE, INC., A NEVADA CORPORATION, RESPONDENTS.

No. 11447

August 26, 1981                    632 P.2d 1146

*Clary & Colvin,* Las Vegas, for Appellant.

*John Peter Lee,* and *Richard McKnight, George E. Graziadei,* and *Jerome F. Snyder,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This case involves a promissory note secured by a deed of trust on a piece of real property. The deed of trust contained a partial reconveyance provision which stated: "So long as the Trustor be not in default concerning any of the covenants contained herein or in the note secured hereby a Partial Reconveyance may be had and will be given upon six acres upon written request with each annual payment . . ."

According to the note, appellant was to make annual payments beginning on May 2, 1973. Appellant made the first payment on June 1, 1973, which respondents accepted even though it was late. Appellant failed to make any subsequent payments.

Respondents instituted foreclosure proceedings on June 25, 1974. On October 18, 1974, the day of the foreclosure sale, appellant tendered a written request for reconveyance of six acres. This was the only written request appellant made, and it was refused by respondents. Appellant filed a complaint in district court seeking a judgment that would order the release of six acres pursuant to the partial reconveyance provision in the deed of trust. The district court granted respondents' motion for summary judgment, and this appeal followed.

The deed of trust in question requires that three conditions be satisfied before any parcel will be reconveyed to appellant. First, the trustor must provide a written request for each reconveyance. Second, the annual payment must accompany that

request. And third, the trustor must not be in default on any covenant contained in either the promissory note or in the deed of trust.

The promissory note obligated appellant to pay each annual installment on May 2nd. The first and only payment was made on June 1, 1973. At that time appellant made no request for reconveyance. Thus, the issue is whether the three contractual conditions were satisfied at the time appellant finally requested reconveyance in October, 1974.

Bradbury v. Thomas, 27 P.2d 402 (Cal.App. 1933), provides a useful definition of the term "default." The court noted that "[t]he ordinary meaning of the word 'default,' when used with respect to an obligation created by contract, is failure of performance. When used with reference to an indebtedness, it simply means non-payment." *Id.* at 405. Applying that definition to the present case, it is clear that at the time of appellant's request for reconveyance, appellant was in default on the payment due May 2, 1974. Thus, at the time appellant made the request for reconveyance, appellant had not satisfied the contractual condition that the "Trustor be not in default." Appellant was not, therefore, entitled to a partial reconveyance, and respondents were not obligated to release any land. *See* Assoc. Mortgage Investors v. Sara-Green Development Corp., 373 N.Y.S.2d 694 (App.Div. 1975).

Other issues raised by the parties need not be discussed. Affirmed.